IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN RE:                                )
                                      )
PAULA R. CORBETT                      )   Case No. 13-60042
                                      )
         Debtor.                      )

ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTIONS

The Chapter 7 Trustee objects to Debtor Paula R. Corbett's claimed exemption in the earned income tax credit portion of her 2012 income tax refund pursuant to § 513.430.1(10)(a) of the Missouri Statutes.[1] For the reasons that follow, the Objection is OVERRULED.

In the Eighth Circuit, income tax refunds are property of a debtor's estate when a bankruptcy case is filed.[2] In addition, the bankruptcy courts in this district have consistently held that the portion of a tax refund attributable to the earned income tax credit (EITC) is also property of the estate.[3] The question presented here is whether

---

[1] The Debtor initially claimed the earned income tax credit fully exempt in an "unknown" amount under § 513.430.1(10)(a), (b), and (c). Debtor's counsel clarified at hearing that she is only claiming the exemption under paragraph (a) – paragraphs (b) and (c) are not applicable. The Debtor also clarified in a post-hearing brief that the amount of the credit is now known: she is claiming only the amount of her federal tax refund that is traceable to the earned income tax credit, which is $622.

[2] 11 U.S.C. § 541(a); *In re Benn*, 491 F.3d 811, 813 (8th Cir. 2007) ("A debtor's anticipated refund, to the extent it is attributable to events occurring prior to the filing of the petition for bankruptcy, is part of the estate.").

[3] *See In re Goertz*, 202 B.R. 614, 616 (Bankr. W.D. Mo. 1996) (holding that EITC payments are property of the estate); *In re Demars*, 279 B.R. 548, 550 (Bankr. W.D. Mo. 2002) (same).

debtors in Missouri may claim an exemption in the EITC portion of a tax refund, particularly in light of a recent amendment to Missouri's exemption statute relating to public assistance benefits.[4]

Missouri has opted out of the federal exemption scheme in 11 U.S.C. § 522,[5] "thereby restricting Missouri residents to the exemptions available under Missouri law and under federal statutes other than 11 U.S.C. § 522(d)."[6] The Eighth Circuit has long held that income tax refunds are not exempt as "earnings" under Missouri's garnishment statutes,[7] and in *In re Benn*, the Eighth Circuit held that, even though income tax refunds are "not subject to attachment or execution" in the hands of the government, that alone does not make them exempt property.[8] Rather, the only way a Missouri debtor in bankruptcy can claim an exemption in income tax refunds is to fit it within a specifically enumerated exemption statute, such as the wildcard[9] or head

---

[4] Mo. Rev. Stat. § 513.430.1(10)(a).

[5] Mo. Rev. Stat. § 513.427.

[6] *In re Benn*, 491 F.3d at 813 (*quoting Wallerstedt v. Sosne* (*In re Wallerstedt*), 930 F.2d 630, 631 n. 1 (8th Cir.1991); *see also Garner v. Strauss* (*In re Garner*), 952 F.2d 232, 234 (8th Cir.1991)).

[7] *In re Wallerstedt,* 930 F.2d 630 (8th Cir.1991).

[8] *In re Benn*, 491 F.3d at 814-16.

[9] Mo. Rev. Stat. § 513.430.1(3) (exempting "[a]ny other property of any kind, not to exceed in value six hundred dollars in the aggregate).

of family exemption.[10]

As it relates to the EITC portion of a refund, in *In re Goertz*[11] and *In re Demars*,[12] the bankruptcy courts in this district held that EITC payments were not exempt under § 513.430.1(10)(a) of the Missouri Statutes, which, at the time those decisions were issued, permitted debtors to exempt payments received in the form of a "local public assistance benefit." Under the language of the statute as it existed then, the courts in this district held that the EITC portion of a federal income tax refund is not a form of *local* public assistance, inasmuch as the EITC was not a creation of state or local government. Therefore, they could not be claimed exempt in a bankruptcy case under the local public assistance benefit exemption.

Two events have occurred since the decisions in *Goertz* and *Demars* were handed down. Most recently, the Missouri legislature amended § 513.430.1(10)(a), effective August 28, 2012, to remove the word "local": The statute now allows debtors to claim an exemption in such person's right to receive "a public assistance benefit." Since *Goertz* and *Demars* held that the exemption as previously worded did

---

[10] Mo. Rev. Stat. § 513.440 ("Each head of a family may select and hold, exempt from execution, any other property, real, personal or mixed, or debts and wages, not exceeding in value the amount of one thousand two hundred fifty dollars plus three hundred fifty dollars for each of such person's unmarried dependent children under the age of twenty-one years . . . .").

[11] *In re Goertz*, 202 B.R. at 617.

[12] *In re Demars*, 279 B.R. at 551.

not include federal EITC payments because the exemption was restricted to "local" benefits, the Debtor here asserts that the Missouri legislature intended, when it removed the "local" restriction, to have federal and other non-local public assistance benefits included within the exemption.

The other event which occurred after *Goertz* and *Demars* was that the Eighth Circuit issued the *Benn* decision, where it held that "'[e]xemption' is a term of art in bankruptcy, and . . . while exemption may mean different things in different contexts, in the context of 11 U.S.C. § 522, it refers to laws enacted by the legislative branch which explicitly identify property that judgment-debtors can keep away from creditors for reason of public policy."[13]  The Trustee asserts here that, the amendment to § 513.430.1(10)(a) notwithstanding, that statute still does not specifically refer to EITCs.  And, he says, nothing in the Internal Revenue Code refers to EITCs as "public assistance benefits."  Therefore, following *Benn*, the Trustee asserts that EITCs are not, in and of themselves, exempt under any Missouri statute.

I do not read *Benn* to mean that every conceivable item of particular property, or variation thereof, must be specifically identified by name in order to fit within one of the exemption statutes.  Naturally, several of the exemptions refer to broad categories of items because it would be impractical, if not impossible, to list

---

[13] 491 F.3d 811, 814 (8th Cir. 2007) (citation and internal modifications omitted).

everything that could conceivably fit into the category. By way of example, the statute generally exempts "tools of the trade,"[14] without providing a list, or even a definition of that phrase. Courts have therefore had to employ tests to determine what items of specific property might constitute an exempt tool of the trade.[15] The same is true for "household goods," "motor vehicles," "veterans' benefits," and "disability, illness or unemployment benefits," as additional examples.

As with those categories of property, the Missouri legislature could not have reasonably been expected to list every conceivable form of public assistance benefit that might be exempt. Indeed, as the Debtor points out, such an interpretation would require the Missouri legislature to amend the statute every time a new benefit were enacted by a governmental body. Such an interpretation is unrealistic. Rather, I read *Benn* to hold that, unless a Missouri statute expressly declares property as "exempt," a term of art in bankruptcy, debtors in bankruptcy cases are not permitted to claim exemptions in that property, even if such property might be immune from attachment or execution outside of bankruptcy. It does not require that a particular item be

---

[14] Mo. Rev. Stat. § 513.430.1(4).

[15] *See, e.g., In re Gray*, 303 B.R. 632 (Bankr. W.D. Mo. 2003) (holding that horses used to give riding lessons were tools of the trade because they were reasonably necessary to the debtor's business); *In re Baker*, 139 B.R. 468 (Bankr. W.D. Mo. 1992) (holding that a van used by the debtors in the business of transporting passengers was a tool of the trade as being reasonably necessary for the business); *In re Eakes*, 69 B.R. 497 (Bankr. W.D. Mo. 1987) (holding that cattle were not tools of the trade because the statute separately enumerated "animals" and "tools of the trade" and because "tool" commonly refers to inanimate objects).

specifically listed, so long as it reasonably fits within a listed category of "exempt" items.

The question, therefore, is whether EITCs can reasonably be held to fit within the general category of "public assistance benefits." The EITC was enacted as a mechanism for providing relief to low income families hurt by rising food and energy prices and to provide an incentive to work instead of relying on other forms of government assistance.[16] As the court in *Goertz* said, "[a]n earned income credit, created by 26 U.S.C. § 32 (1994), is a refundable tax credit provided for low income workers who have dependent children and who maintain a household.[17] "Courts have characterized the earned income credit as 'an item of social welfare legislation' effectuated through income tax laws."[18] *Goertz* and *Demars* made pretty clear that EITCs would qualify as exempt public assistance benefits under the prior version of § 513.430.1(10)(a), but for the "local" restriction, and several other courts from across

---

[16] *Sorenson v. Secretary of Treasury*, 475 U.S. 851, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986); *see also In re Demars*, 279 B.R. at 550-51 ("Congress made [the EITC] program available to low income earners for the following three reasons: (1) to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income; (2) to stimulate the economy by placing funds in the hands of consumers who would spend them immediately; and (3) to provide relief for families impacted by rising food and energy prices.") (citation omitted).

[17] 202 B.R. at 616 (citation omitted).

[18] *Id.* (citations omitted).

the country have found the EITC to be a public assistance benefit.[19]  I agree.

Based on the foregoing, the restriction to local benefits having been removed, public assistance benefits coming from the federal government, including EITC payments, are now included in § 513.430.1(10)(a).  As a result, the Debtor properly claimed her EITC exempt under § 513.430.1(10)(a).[20]

ACCORDINGLY, the Trustee's Objection to Exemptions is OVERRULED.  The Debtor will be permitted to claim the portion of her federal income tax refund which is traceable to the earned income tax credit as fully exempt under § 513.430.1(10)(a).

IT IS SO ORDERED.

---

[19] *See, e.g., In re James*, 406 F.3d 1340 (11th Cir. 2005) (holding that because the EITC was enacted "to provide relief for low-income families," it fit within the "ordinary meaning" and dictionary term of "public assistance" as "government aid to needy persons"); *Flanery v. Mathison*, 289 B.R. 624, 628–29 (W.D. Ky. 2003) (EITC payments exempt under Kentucky statute exempting public-assistance benefits); *In re Tomczyk*, 295 B.R. 894, 897 (Bankr. D. Minn.2003) (same, under Minnesota exemption); *In re Longstreet*, 246 B.R. 611, 617 (Bankr. S.D. Iowa 2000) (same, under Iowa exemption); *In re Brockhouse*, 220 B.R. 623, 625 (Bankr. C.D. Ill.1998) (same, under Illinois exemption); *In re Fish*, 224 B.R. 82 (Bankr. S.D. Ill. 1998) (same); *In re Jones*, 107 B.R. 751(Bankr. D. Idaho 1989) (same, under Idaho exemption).

[20] Prior to the 2012 amendment to § 513.430.1(10)(a) making EITCs exempt, I previously held, in an unpublished decision, that, as property of the estate, EITCs should be prorated as of the date of the bankruptcy petition, in the same way garden-variety income tax refunds are prorated in this district.  *In re Noel Keith Harris and DeeDee Kye Harris*, Case No. 10-61610, *Order Granting Trustee's Motion to Compel Turnover* (Doc. #52) (Bankr. W.D. Mo. June 2, 2011).  Because I hold that they are now fully exempt, I need not decide whether they should be prorated.

/s/Arthur B. Federman
Chief Bankruptcy Judge

Date: 4/2/2013

Attorney for movant to serve parties not receiving electronic notice